IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM RICHTER, | ) | |
| | ) | CIVIL ACTION NO. 2:23-CV-550 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DUQUESNE UNIVERSITY OF | ) | |
| THE HOLY SPIRIT, | ) | JURY TRIAL DEMANDED |
| and JAMES MILLER, as an | ) | |
| aider and abettor of discrimination, | ) | |
| | ) | |
| Defendants. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, WILLIAM RICHTER, by and through his attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This action is brought against the Defendant for violating Plaintiff's right to be free from illegal, invidious and damaging discrimination in his employment based on age, as guaranteed by the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA").

2. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).

3. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania, and the Plaintiff resides in the Western District of Pennsylvania.

4. Plaintiff has satisfied all procedural and administrative requirements, and in particular:

   a. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") claiming age discrimination on or about October 6, 2022, at EEOC No.

533-2023-00072, and said charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

b. The aforementioned charge of discrimination was transferred by the EEOC to the City of Pittsburgh, Commission on Human Relations (PghCHR) on or about December 2, 2022;

c. The PghCHR issued a notice of closure of that investigation dated January 27, 23023; and,

d. Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the aforementioned notice of closure.

## PARTIES

5. Plaintiff, William Richter, is a 63-year-old male who resides in Allegheny County, Pennsylvania.

6. Defendant, Duquesne University of the Holy Spirit (hereinafter "Duquesne"), is now, and was at all times relevant to Plaintiff's claims, a private institution of higher education with a registered principal address 600 Forbes Avenue, Pittsburgh, Pennsylvania, 15282.

7. Defendant James Miller is an adult individual who resides in Allegheny County, Pennsylvania, and, at all times relevant hereto, was employed by Duquesne as a Senior Vice President for Advancement. At all times relevant hereto, Defendant Miller purported to act within the full scope of his office and employment. At all times relevant hereto, Defendant Miller was, and acted as, an aider and abettor to the unlawful discrimination described hereinbefore below.

8. At all times relevant hereto, the Duquesne was acting through its agents, subsidiaries, officers, employees and assigns acting within the full scope of their agency, office, employment or assignment.

9. The actions of the Defendants, and each of them, as described herein, are part of an unlawful pattern and course of conduct intended to harm the Plaintiff. All of the acts described

below were committed by the Defendants with reckless disregard and/or deliberate indifference to the rights of the Plaintiff. As a direct and proximate result thereof, Defendants violated the Plaintiff's federally protected rights, as described herein.

## FACTUAL ALLEGATIONS

10. Plaintiff was employed by Duquesne from on or about September 1, 2015, until his unlawful termination on or about August 17, 2022. At the time of his termination, Plaintiff held the position of Senior Director of Major and Planned Giving.

11. During the entire period of Plaintiff's employment with Duquesne, Plaintiff performed his duties in a manner that was, at minimum, satisfactory, and, with respect to the vast majority of his performance, in exemplary fashion.

12. Despite Plaintiff's exemplary performance, younger, less experienced, less successful employees were treated more favorably than the Plaintiff. By way of example, and not limitation, despite Plaintiff's having demonstrable success in negotiating and securing large donations in favor of Duquesne, Defendant Miller took major donors that were in Plaintiff's portfolio, and redistributed those donors to less qualified, younger employees of Duquesne. This action was taken by Defendant Miller without good reason or excuse, since, at the time of such actions, Plaintiff was successfully servicing those major donors in exemplary fashion. Furthermore, Defendant Miller took the aforementioned actions without engaging in a long-standing policy of Duquesne that required that Defendant Miller obtain input from other staff members, including the Plaintiff, before redistributing any major donors to the aforementioned younger, less qualified employees. Plaintiff was given no opportunity to object to such reassignments, or to exercise his right to retain such donors under the aforementioned policy.

13. Plaintiff reported the aforementioned conduct to Duquesne's human resources department. Despite this fact, no meaningful action was taken by Duquesne's human resources department, nor by anyone else on behalf of Duquesne, to investigate, or remedy, the complaints raised by the Plaintiff as described in the previous paragraph. While Duquesne's human resources department did act to interview a number of Duquesne employees relative to this issue, and despite the fact that many of those interviewed corroborated Plaintiff's assertion that Defendant Miller had violated the long-standing policy related to reassignment of his donor clients, neither Duquesne nor Defendant Miller took any action to remedy this issue.

14. In addition, beginning in or about March of 2022, and at or about the same time that major donors were being taken from Plaintiff's portfolio, Plaintiff began alerting Duquesne's human resources personnel that multiple Duquesne employees, including those younger, less qualified, less experienced employees referenced above, were engaged in various acts of wrongdoing, policy violations and unethical conduct related to their employment with Duquesne.

15. By way of example, and not limitation, Plaintiff filed a complaint with Duquesne human resources that a significantly younger, less experienced employee named Melissa Krebs had approached a donor whom the Plaintiff was already working with to solicit a major donation for Duquesne, and converted that donor to her portfolio. In so doing, Ms. Krebs made false statements to the donor in order to secure him as a client for herself. These actions were and are in direct violation of numerous policies and procedures of Duquesne.

16. Notwithstanding the foregoing, neither Duquesne's human resources department, nor any other representative of Duquesne, including, but not limited to Defendant Miller, took any meaningful action to address the information that was provided to them by the Plaintiff. No meaningful investigation was undertaken by anyone on behalf of Duquesne related to Plaintiff's

information, and no other action of any kind was taken in response to the information which Plaintiff provided. Instead, senior officials of Duquesne dismissed Plaintiff's complaints in this regard, falsely claiming that the conduct complained of did not violate any University policies.

17. As a direct result of the failure of Duquesne officials, including but not limited to Defendant Miller to take any action regarding Plaintiff's complaints of wrongdoing by Ms. Krebs and others, as well as the actions of Defendant Miller in taking away donors from Plaintiff's portfolio as described above, on or about May 15, 2022, Plaintiff filed with Duquesne's human resources department a formal complaint alleging age discrimination by Defendant Miller related to the actions described herein.

18. On or about August 5, 2022, Plaintiff was placed on administrative leave by Duquesne's Director of Employee and Labor Relations, Jefferson Dedrick, for an alleged violation of a policy of Duquesne related to naming rights for donors. The incident in question related to granting a substantial donor naming rights to a specific room within a department located inside an existing building at Duquesne. Throughout the process of obtaining the subject donation, and the agreement to grant the donor the naming rights at issue, Plaintiff fully informed the appropriate individuals at Duquesne, including, but not limited to Defendant Miller, regarding the intention to grant the naming rights to the donor in connection with the subject donation. At no time did anyone from Duquesne, including Defendant Miller, direct the Plaintiff to withdraw the offer of naming rights to the donor, nor did Defendant Miller or anyone else inform the Plaintiff that he was acting improperly in any way related to this donation and/or the naming rights issue.

19. At no time was Plaintiff informed that Duquesne had a policy prohibiting the granting of naming rights to substantial donors. In fact, on multiple occasions in the past, Duquesne has, in

fact, granted naming rights to buildings or programs under similar circumstances to donors who have made a substantial donation, including on multiple occasions involving donations obtained by the Plaintiff.

20. On numerous occasions, multiple Duquesne employees who are significantly younger than the Plaintiff, have violated one or more policies of Duquesne without facing any adverse employment action whatsoever.

21. Plaintiff believes, and therefore avers, that Defendant Miller made the decision to discipline him for the alleged policy violation described above, either acting alone, or in conspiracy with other employees of Duquesne.

22. Plaintiff believes, and therefore avers, that the decision to discipline him for the alleged infraction of Duquesne's policy is unworthy of belief, and was a pretext to hide the true motive for the discipline, to wit; to create a false record of wrongdoing by the Plaintiff in order to justify Plaintiff's termination at a later date. Plaintiff further believes, and therefore avers, that the decision to discipline the Plaintiff as aforementioned, was motivated in part as an effort to justify terminating the Plaintiff, when Defendant Miller's true motivation was to remove the Plaintiff from his employment because of his age. Plaintiff also believes, and therefore avers, that the action to discipline the Plaintiff by Defendant Miller was in retaliation for the Plaintiff having complained about age discrimination in May of 2022, as more fully described hereinbefore above.

23. On or about August 17, 2022, the Plaintiff's employment with Duquesne was terminated. The reasons given for the termination were violations of the Duquesne policy related to naming rights described hereinbefore above, as well as the false, pretextual claim that the Plaintiff engaged in "egregious" behavior related to alleged "sexual misconduct." The allegations related

to alleged sexual misconduct are and were materially false, as the Plaintiff did not engage in sexual misconduct of any kind, and, furthermore, the incident related to the alleged sexual misconduct occurred approximately three years prior to Plaintiff's termination, and Plaintiff was given a promotion and a raise a short time after the incident.

24. Plaintiff believes, and therefore avers, that he was replaced by an individual who was, and is significantly younger than the Plaintiff, and/or that significantly younger individuals working for Duquesne, both within and outside the Plaintiff's department, were treated more favorably than the Plaintiff, in that they committed acts which violated established policies of Duquesne, which acts were as egregious, or more egregious than the acts for which the Plaintiff was falsely accused, yet those younger employees suffered little or no discipline for their conduct.

25. For the reasons stated above, the Plaintiff believes, and therefore avers, that the termination of the Plaintiff for the reasons stated above is and was pretextual, and that the real reason for Plaintiff's termination is and was age discrimination, and retaliation against the Plaintiff for his complaints of age discrimination.

COUNT I:

ADEA – AGE DISCRIMINATION

26. Plaintiff incorporates by reference Paragraphs 1 through 25 as though fully set forth at length herein.

27. As described hereinbefore above, Plaintiff was subjected to discrimination in the nature of an illegal termination, and was replaced by a significantly younger individual, and treated less favorably than younger, less experienced and less qualified employees, in violation of the ADEA, 29 U.S.C. § 621, *et seq*.

28.     As a result of the Defendant's discriminatory actions, Plaintiff has been substantially and illegally harmed, suffered continuing financial losses, deprivation of employment, benefits, prerequisites, and fair treatment, and has suffered continuing emotional and physical distress and injury, embarrassment and humiliation caused by the Defendant, its managers, supervisors, employees, agents, attorneys and other officials.

29.     Plaintiff has no other plain, adequate or complete remedy at law to redress the wrongs done to him by the Defendants, and this suit for injunctive and other relief is his only means of securing just and adequate redress and relief.  Moreover, Plaintiff is now suffering and will continue to suffer, irreparable injury from the Defendants' discriminatory policies, practices, customs and usages as set forth herein until and unless the same are enjoined by the Court.

30.     Defendants' actions as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

- a. that the Court enter a judgment declaring the Defendants' actions to be unlawful and violative of the ADEA;

- b. that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendants' unlawful conduct plus interest from the date of discrimination;

- c. that in addition to the damages above, the Court award the Plaintiff liquidated damages in an amount equal to the pecuniary losses sustained as a result of the Defendants' willful violation of the ADEA;

- d. that the Court order the Defendants to return the Plaintiff to the position he held before he was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendants to pay the Plaintiff front pay equivalent to his lost salary, salary raises, fringe benefits and

      all other rights to which he would have been entitled but for the Defendants' discriminatory conduct;

  e. that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

  f. that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

  g. that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT II:

<u>ADEA - RETALIATION</u>

31. Plaintiff incorporates by reference Paragraphs 1 through 30 as though fully set forth at length herein.

32. Plaintiff engaged in protected activity in or about May, 2022, when he made a formal complaint of age discrimination to Duquesne's human resources department as more fully described hereinbefore above.

33. As a direct and proximate result of the Plaintiff engaging in the aforementioned protected activity, Plaintiff was unlawfully and improperly suspended from employment, and terminated his employment with the Defendant as more fully described hereinbefore above.

34. As a direct result of Defendants' retaliatory actions in violation of the ADEA, Plaintiff has lost wages and other economic benefits of her employment. He has been forced to endure pain, suffering, humiliation, inconvenience, stress, anguish and mental and emotional distress. Moreover, Plaintiff has incurred counsel fees and other costs of pursuing his legal rights.

35. Plaintiff has no other plain, adequate or complete remedy at law to redress the wrongs done to him by the Defendants and this suit for injunctive and other relief is his only means of

securing just and adequate redress and relief.  Moreover, Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendants' retaliatory policies, practices, customs and usages as set forth herein until and unless the same are enjoined by the Court.

WHEREFORE, Plaintiff, William Richter, respectfully prays that judgment be entered in his favor against the Defendants and that the Court:

    a.    enter a declaratory judgment that the practices, policies, customs and usages complained of herein are unlawful and violative of the ADEA;

    b.    permanently enjoin the Defendants, its officers, affiliates, subsidiaries, successors, managers, supervisors, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices and actions shown to be in violation of applicable law;

    c.    order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices and actions shown to be in violation of applicable law so that the said practices and actions do not discriminate on the basis of age;

    d.    award Plaintiff the amount of wages and other benefits lost due to the Defendants' unlawful termination plus interest from the date of discrimination;

    e.    order the Defendants to reinstate Plaintiff to the position he should have held before he was discriminated against, with the accumulated seniority, fringe benefits, and all other rights or in the alternative award the Plaintiff front pay;

    f.    adjust the wage rates, salary, bonuses, position and benefits for Plaintiff to that level which he would be enjoying but for the discriminatory practices and actions of the Defendants;

    g.    that in addition to the damages above, the Court award the Plaintiff compensatory, punitive and liquidated damages as a result of the Defendants' willful violation of the ADEA;

    h.    award the Plaintiff reasonable attorneys' fees and costs of this action;

      i.      award the Plaintiff such other damages as permitted by law.

JURY TRIAL DEMANDED

COUNT III:

<u>PHRA – AGE DISCRIMINATION</u>

36.    Plaintiff incorporates by reference Paragraphs 1 through 35 as though fully set forth at length herein.

37.    Defendant's actions in subjecting the Plaintiff to discrimination based on age were undertaken intentionally, maliciously and with reckless indifference to Plaintiff's right to be free from such discrimination in violation of the PHRA.

38.    As a direct result of the Defendants' discriminatory actions in violation of the PHRA, the Plaintiff has lost wages and other economic benefits of his employment with Duquesne. In addition, the Plaintiff has incurred counsel fees and other costs in pursuing his legal rights. The Plaintiff has also suffered from emotional distress, inconvenience, humiliation, loss of standing among his peers and stress.

39.    The actions on the part of the Defendants were intentional and willful and were done with a reckless disregard for Plaintiff's rights.

    WHEREFORE, Plaintiff requests the following:

        a.    that the Court enter a Judgment declaring the Defendants' actions to be unlawful and violative of the PHRA;

        b.    that the Court award the Plaintiff liquidated damages in an amount equal to the pecuniary losses sustained as a result of the Defendants' willful violation of the PHRA;

        c.    that the Court award the Plaintiff compensatory damages as a result of Defendants' actions being unlawful and violative of the PHRA;

11

   d.  that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

   e.  that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

   f.  that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT IV:

PHRA - RETALIATION

40. Plaintiff incorporates by reference Paragraphs 1 through 39 as though fully set forth at length herein.

41. Plaintiff engaged in protected activity beginning in November 25, 2005, when he made a formal complaint of age discrimination to Duquesne's human resources department as more fully described hereinbefore above.

42. As a direct and proximate result of the Plaintiff engaging in the aforementioned protected activity, Plaintiff was unlawfully and improperly suspended from employment, and terminated his employment with the Defendant as more fully described hereinbefore above.

43. As a direct result of Defendants' retaliatory actions in violation of the PHRA, Plaintiff has lost wages and other economic benefits of his employment.  He has been forced to endure pain, suffering, humiliation, inconvenience, stress, anguish and mental and emotional distress.  Moreover, Plaintiff has incurred counsel fees and other costs of pursuing his legal rights.

44. Plaintiff has no other plain, adequate or complete remedy at law to redress the wrongs done to him by the Defendants and this suit for injunctive and other relief is his only means of securing just and adequate redress and relief.  Moreover, Plaintiff is now suffering and will

continue to suffer irreparable injury from the Defendants' retaliatory policies, practices, customs and usages as set forth herein until and unless the same are enjoined by the Court.

WHEREFORE, Plaintiff, William Richter, respectfully prays that judgment be entered in his favor against the Defendants and that the Court:

a. enter a declaratory judgment that the practices, policies, customs and usages complained of herein are unlawful and violative of the PHRA;

b. permanently enjoin the Defendants, its officers, affiliates, subsidiaries, successors, managers, supervisors, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices and actions shown to be in violation of applicable law;

c. order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices and actions shown to be in violation of applicable law so that the said practices and actions do not discriminate on the basis of age;

d. award Plaintiff the amount of wages and other benefits lost due to the Defendants' unlawful termination plus interest from the date of discrimination;

e. order the Defendants to reinstate Plaintiff to the position he should have held before he was discriminated against, with the accumulated seniority, fringe benefits, and all other rights or in the alternative award the Plaintiff front pay;

f. adjust the wage rates, salary, bonuses, position and benefits for Plaintiff to that level which he would be enjoying but for the discriminatory practices and actions of the Defendants;

g. that in addition to the damages above, the Court award the Plaintiff compensatory, punitive and liquidated damages as a result of the Defendants' willful violation of the ADEA;

h. award the Plaintiff reasonable attorneys' fees and costs of this action;

i. award the Plaintiff such other damages as permitted by law.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated:  March 30, 2023